UNITED STATES, Appellee,

v.

Specialist Four Samuel L. GLOVER, U.S. Army, Appellant.

No. 40,989.
CM 440083.

U.S. Court of Military Appeals.

Oct. 24, 1983.

For Appellant: *Colonel Edward S. Adam-kewicz, Jr., Lieutenant Colonel Jerome E. Kelly,* and *Captain Courtney B. Wheeler* (on petition); *Captain Peter L. Yee.*

For Appellee: *Colonel R.R. Boller, Major Ted B. Borek, Captain Rexford T. Bragaw, III,* and *Captain Gary L. Hoffman* (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

Contrary to his pleas, a general court-martial consisting of a military judge alone convicted appellant of rape, aggravated assault *, sodomy, and housebreaking, in violation of Articles 120, 128, 125, and 130 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, 925, and 930, respectively. He was sentenced to a dishonorable discharge, confinement for 7 years, total forfeitures, and reduction to E–1. We granted review of the contention that the aggravated assault charge was multiplicious for findings and sentencing purposes with the charges of rape and sodomy. 11 M.J. 405 (1981).

■ In sum, the evidence showed that appellant entered the victim's room at night and, at knife point, raped and sodomized her. The charge of aggravated assault required proof that appellant employed a "means or force likely to produce death or grievous bodily harm." Article 128(b)(1), UCMJ, 10 U.S.C. § 928(b)(1); para. 207*c* (1), Manual for Courts-Martial, United States, 1969 (Revised edition). Conviction for rape or forcible sodomy requires proof that an accused has engaged in certain sexual acts by force and without the victim's consent. *See* paras. 199*a* and 204, Manual, *supra.*

Thus, the charge of aggravated assault included an element which was unnecessary in establishing either of the sexual offenses; and those offenses had elements not included in the aggravated assault. *See* para. 76*a* (5), Manual, *supra.* However, here the charges flowed from "a single impulse or intent"; and the assault constituted the force necessary to effectuate the sexual offenses. *See* para. 76*a* (5)(b), Manual, *supra.* As the record does not indicate that the aggravated assault was performed for any other purpose, the military judge erred in considering it a separate offense for punishment purposes. *United States v. Baker,* 14 M.J. 361, 367 (C.M.A.1983).

■ Whether the aggravated assault should have been treated as multiplicious for findings purposes is a more difficult issue. In *United States v. Baker, supra,* we held that two offenses are multiplicious for findings purposes when one is lesser included within the other; and we explained:

Assuming both offenses arise out of one transaction, one offense may be a lesser-included offense of another offense in two situations: First, where one offense contains only elements of, but not all the elements of the other offense; second, where one offense contains different elements as a matter of law from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial.

*Id.* at 368.

The first situation is not present in this case. While the offense of rape requires use of some force, *see* Article 120(a), it is not necessary that this force be of an aggravated nature. Hence, while a simple assault may be lesser included within a charge of rape under this test, *United States v. Thompson,* 10 M.J. 405 (C.M.A.

* The record of trial reflects the aggravated assault specification as omitting the word "weapon" in the phrase "a dangerous likely to." (R. 22.) GCMO 38, dated September 23, 1980, also reflects this omission. However, the charge sheet does *not* omit the word "weapon." It is also noted in connection with this offense that the pretrial advice erroneously reflects the maximum confinement as 20 years instead of 3 years. (Page 2.) The SJA Review and the pretrial advice erroneously summarized this offense as including a threat to kill which was not alleged. (Review, p. 2; Advice, p. 2.)

1981), the same cannot be said for aggravated assault.

Nonetheless, a lesser-included relationship may exist under the second test articulated in *Baker*—namely, if the circumstances which constitute the aggravation of the assault "are fairly embraced in the factual allegations of" rape and are "established by evidence introduced at trial." For instance, if the rape specification here had alleged that the rape was accomplished by appellant's act of pointing a knife at the victim—the same act alleged here as the aggravated assault—then the aggravated assault would be a lesser-included offense under the second of the *Baker* tests.

The rape specification, however, alleged only that appellant "did, at ... [the time and place specified] ... rape" the named victim. While the verb "rape" certainly "fairly embrace[s]" the use of some force, it did not fairly embrace use of *aggravated* force or the commission of an aggravated assault under Article 128(b). As we have ruled in *United States v. Holt*, 16 M.J. 393 (C.M.A.1983), we must decide issues of multipliciousness in terms of the specifications as they are drafted and not in terms of what they might contain under various hypothetical circumstances. Therefore, no relief is required as to the findings.

Although the military judge erred in considering aggravated assault as a separate offense for sentencing purposes, we are convinced that Glover was not prejudiced by this error. Upon conviction for rape, he faced a maximum sentence which included life imprisonment. Moreover, he had been convicted of several other serious crimes, which were not multiplicious. The military judge sentenced Glover to only 7 years' confinement; and it seems clear that no shorter term would have been adjudged, even if the aggravated assault and rape had been treated as multiplicious for sentencing purposes.

The decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Judge (concurring):

In *United States v. Baker*, 14 M.J. 361, 367 (C.M.A.1983), this Court opined that when findings of guilty to a greater offense and a lesser-included offense are entered at the same court-martial, both cannot stand. Additional support for this conclusion can be found in *Grimes v. United States*, 607 F.2d 6 (2nd Cir.1979); *Wright v. United States*, 519 F.2d 13 (7th Cir.), *cert. denied*, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975); *O'Clair v. United States*, 470 F.2d 1199 (1st Cir.1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973). *See also United States v. Gaddis*, 424 U.S. 544, 548, 96 S.Ct. 1023, 1026, 47 L.Ed.2d 222 (1976); *United States v. Stroman*, 667 F.2d 416 (2nd Cir.1981); *United States v. Evans*, 665 F.2d 54 (2nd Cir.1981).

COOK, Judge (concurring in the result):

I concur in affirming the decision of the United States Army Court of Military Review, without retreating one iota from my opinion in *United States v. Baker*, 14 M.J. 361, 371 (C.M.A.1983) (Cook, J., dissenting).