UNITED STATES, Appellee,

v.

Russell JOHNSON, Seaman Recruit,
U.S. Navy, Appellant.

No. 46,747.

NMCM 83–0204.

U.S. Court of Military Appeals.

Dec. 19, 1983.

For Appellant: Lieutenant Commander
Jeanne Carroll, JAGC, USN, Lieutenant
Kathleen P. McTighe, JAGC, USNR (on
petition).

For Appellee: Commander W.J. Hughes,
JAGC, USN, Major E.D. Clark, USMC (on
petition).

*Opinion of the Court*

EVERETT, Chief Judge:

A special court-martial convicted appellant of unauthorized absence "from his unit, to wit: USS JASON (AR 8), located at Pearl Harbor, Hawaii," from 2020 hours on May 12, 1982, until 1000 hours on June 28, 1982; and of escaping from the lawful custody of a named First Class Petty Officer at 2020 hours on May 12, 1982, at Naval Station Pearl Harbor, Pearl Harbor, Hawaii.[1] Appellant contends in this Court that these specifications are multiplicious for purposes of findings. 17 M.J. 22 (Daily Journal, October 6, 1983). We disagree.

In order for appellant to have escaped from the lawful custody of a named individual, it was not necessary that thereby he also absent himself from his unit without authority. *Cf. United States v. Welch,* 9 U.S.C.M.A. 255, 26 C.M.R. 35 (1958).[2] Therefore, the element of unauthorized absence from appellant's unit was not "fairly embraced" in the specification alleging escape from the lawful custody of a named person. *Cf. United States v. Baker,* 14 M.J.

1. Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, and forfeiture of $330 pay per month for 4 months. The convening authority reduced the period of confinement to 45 days and the period of forfeitures to 3 months, suspending the forfeitures in excess of 1 month. The supervisory authority approved the sentence as modified, and the United States Navy-Marine Corps Court of Military Review affirmed.

2. There, the accused had been convicted of escape from *confinement* and of "unauthorized absence from the post stockade 'his place of duty.' " *United States v. Welch,* 9 U.S.C.M.A. 255, 256, 26 C.M.R. 35, 36 (1958). Under these circumstances, unauthorized absence of at least some minimal duration from his unit—the stockade—was inherent in the specification alleging escape from confinement. In this case, however, the escape was from the custody of a named individual.

361, 368 (C.M.A.1983). Consequently, the findings are not multiplicious, and both may stand. *See United States v. Glover,* 16 M.J. 397 (C.M.A.1983); *United States v. Holt,* 16 M.J. 393 (C.M.A.1983). *See also United States v. Doss,* 15 M.J. 409 (C.M.A.1983).

*But see United States v. West,* 15 M.J. 183 (C.M.A.1983).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.