**132**

UNITED STATES, Appellee,

v.

Michael P. COSTELLO, Private First
Class, U.S. Marine Corps, Appellant.

No. 47,027.

NMCM 83–1644.

U.S. Court of Military Appeals.

Jan. 16, 1984.

For Appellant: *Lieutenant Colonel M.W.
Lucas,* USMC, and *Lieutenant Ann D. Carroll,* JAGC, USNR (on petition).

For Appellee: No appearance filed pursuant to Rule 21(e).

*Opinion of the Court*

PER CURIAM:

At his special court-martial, appellant
was convicted of specifications alleging, *inter alia,* that on April 8, 1982, he struck his
named superior commissioned officer who
was then in the execution of his office "in
the chest with his open hands"; that on
April 8, 1982, he willfully disobeyed a lawful command from the same named superior
commissioned officer to "halt"; and that on
April 8, 1982, he "resist[ed] being lawfully
apprehended by" the same named officer, in
violation of Articles 90 and 95, Uniform
Code of Military Justice, 10 U.S.C. §§ 890
and 895, respectively. We granted review
to determine whether the assault and the
disobedience of the lawful order are multiplicious for findings purposes with the resisting apprehension. We conclude they are
not.

In establishing a test for multiplicity as
to findings, we stated in *United States v.
Baker,* 14 M.J. 361, 368 (C.M.A.1983):

Assuming both offenses arise out of one
transaction, one offense may be a lesser-included offense of another offense in
two situations: First, where one offense
contains only elements of, but not all the
elements of the other offense; second,
where one offense contains different ele-

ments as a matter of law from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial. *Accord United States v. Doss,* 15 M.J. 409 (C.M.A.1983). Each of the offenses of concern here contains at least one element not involved in either of the others. *Compare* Articles 90(1) and (2), *with* Article 95, *supra.* Moreover, as the specifications here are framed, those different elements are not "fairly embraced" in the specifications of the others. *See United States v. Jean,* 15 M.J. 433 (C.M.A.1983), where we found multiplicious for findings purposes a specification alleging assault and one alleging resisting apprehension, each of which alleged that the respective offense was committed "by kicking at the said Conway." Accordingly, the convictions of both offenses here can stand.* *See United States v. Glover,* 16 M.J. 397 (C.M.A.1983); *United States v. Holt,* 16 M.J. 393 (C.M.A.1983).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

COOK, Judge (concurring in part):

I agree with so much of the majority opinion as holds that each of the pertinent offenses here contains at least one element that is not present in the other offenses and that none of these offenses is multiplicious. *See United States v. Baker,* 14 M.J. 361, 371 (C.M.A.1983) (Cook, J., dissenting).

---

* Three charges with a total of six specifications were preferred against appellant. One of the specifications was dismissed by the military judge for unreasonable multiplication of the charges. While even the remaining five specifications border on "over charging," we perceive no prejudice here—especially since trial was by special, rather than general, court-martial.