UNITED STATES

v.

Airman First Class Donald K. SMELLER, FR 126–60–7701 United States Air Force.

ACM S26156.

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 Aug. 1983.

Decided 22 Feb. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and BENKIN, Appellate Military Judges.

## DECISION

BENKIN, Judge:

On 17 July 1983, the accused, having become intoxicated, drove an automobile onto Laughlin Air Force Base, Texas. Some ten months earlier, the Deputy Base Commander of Laughlin Air Force Base had revoked the accused's privilege to operate a motor vehicle upon that installation and had notified the accused of the revocation. As a result, the accused was charged with disobeying the Deputy Base Commander's order, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and with operating a motor vehicle while drunk, in violation of Article 111, U.C.M.J., 10 U.S.C. § 911.

The accused was tried by a special court-martial on 5 August 1983. Following the arraignment, trial defense counsel made a motion for appropriate relief, arguing that the two charges were multiplicious for findings purposes and that only one of them should be allowed to stand. The military judge denied the motion. The accused then entered a plea of guilty, which was accepted, and the trial proceeded on the issue of the appropriate sentence. A motion to treat the specifications of Charges I and II as multiplicious for sentencing purposes was denied by the military judge. After hearing the accused's unsworn statement and considering documentary evidence, the court-martial sentenced the accused to a bad conduct discharge.

The case is here following approval of the findings and sentence by both the convening authority and the supervisory, general court-martial, authority. Although two errors have been assigned by the accused, the only assignment meriting extended discussion is the claim that the two offenses of which the accused was convicted were multiplicious for sentencing purposes and should have been so treated by the military judge.

■ Although both of the offenses of which the accused was convicted arose out of the same historical event, his operation of an automobile during the morning hours of 17 July 1983, this case falls short of a violation of the proscription against transmuting a single transaction into "the basis for an unreasonable multiplication of charges..." M.C.M.1969 (Rev.), para. 26 *b.* Construing that prohibition, the Court of Military Appeals has held that two charges are multiplicious for purposes of findings if one of them necessarily includes all the elements of the other, *e.g.,* as where one is a lesser-included offense of the other, or where the two offenses contain some disparate elements but those elements are "fairly embraced" in the language of the charges and are established by the evidence at trial. *United States v. DiBello,* 17 M.J. 77 (C.M.A. 1983) (quoting *United States v. Baker,* 14 M.J. 361, 368 (C.M.A.1983)); *see also United States v. Holt,* 16 M.J. 393 (C.M.A.1983); *United States v. Doss,* 15 M.J. 409, 413 (C.M.A.1983).

The elements of the two offenses with which the accused was charged are not completely coextensive, nor is one a lesser included offense of the other. To demonstrate the accused's guilt of violating the Deputy Base Commander's order, it was necessary to establish that the order was issued and that the accused had knowledge of its contents. Neither of these elements was relevant to the drunk driving charge. Similarly, proof that the accused was drunk, though essential to his successful prosecution under Article 111, was not relevant to the charge that his disobedience of the order not to operate a motor vehicle on the base violated Article 92.

More persuasive than these purely mechanistic distinctions, however, is the result one obtains when the claim of multiplicity is considered in light of the purposes that the above quoted language of paragraph 26 *b* sought to achieve. According to *United States v. Baker, supra* at 365, the prohibi-

tion in paragraph 26*b* "seeks to avoid the situation where a single criminal offense is exaggerated into many seemingly separate crimes so as to create the impression that the accused is a bad character and therefore lead the court-martial to resolve against him doubt created by the evidence." In a case where one of the charges against the accused is laid under Article 92 of the Code, the evil that paragraph 26*b* aims to avoid is the use of an order, either specifically directed to the accused or of a more general nature,' to perform a duty that is also imposed by the substantive terms of another punitive article as a vehicle for escalating the apparent criminality of what is essentially only a single violation of the law. It was held, for instance, that an accused who was restricted to his ship and breached the restriction could not lawfully be charged with both breach of restriction and violation of a lawful order to remain aboard the vessel. *United States v. Doss, supra.* Similarly, the Court of Military Appeals has held that a charge of indecent assault was multiplicious for findings purposes with a charge of violating a general regulation forbidding the selfsame conduct that constituted the criminal assault. *United States v. Lott,* 14 M.J. 489 (C.M.A.1983).[1]

In the instant case, it cannot fairly be said that the issuance of the order, and the charge of violating it, serve entirely (or even primarily) to escalate the offense of drunk driving into something more serious or to portray the accused unfairly as a repeat offender. For one thing, the two charges aim at achieving different societal objectives: on the one hand to vindicate the authority of an installation commander to control motor vehicle operation on the installation, and, on the other hand, to protect the public safety from the baneful effects of drunk driving. For another, the onset of the violations with which the accused was

charged occurred at different times and places. The accused became intoxicated off the base, and his violation of Article 111 first took place when he placed his automobile in motion.[2] But it was not until the accused drove his vehicle onto Laughlin Air Force Base that the separate and distinct crime of violating an order to refrain from driving on base was committed. In these circumstances, we conclude that the prosecution and conviction of the accused for both of those offenses did not transgress the rule against unreasonable multiplication of charges.

This brings us to the more difficult question of whether the two offenses should have been considered multiplicious for sentencing purposes. The question whether two offenses involving the same act or transaction should be deemed separate for sentencing purposes is different from the question whether the offenses may be charged and prosecuted as separate offenses. Because they share a common pejorative—"multiplicious"—discussion of these questions is sometimes confused. They are distinct, however. The notion that two offenses may be multiplicious for sentencing purposes is derived, at least in part, from paragraph 76*a* of the Manual for Courts-Martial. Subparagraph 76*a*(5) provides that—

> The maximum authorized punishment may be imposed for each of two or more separate offenses arising out of the same act or transaction. If one offense is included in the other, the offenses are not separate. Also, the general rule is that offenses are not separate unless each requires proof of an element not required to prove the other.

After cautioning that "Care must be exercised in applying" the general statement quoted above and that "there are other

---

1. The question whether an accused may be prosecuted under Article 92, at all, when he fails to obey an order that merely commands performance of his military duties is a separate question from the one we are here considering. *See United States v. Bratcher,* 18 U.S.C.M.A. 125, 39 C.M.R. 125 (1969). *But see United States v. Pettersen,* 17 M.J. 69 (C.M.A.1983).

2. The question whether there was at that time military jurisdiction to try the accused for the violation is wholly distinct from the question of when he violated the punitive article. As to the latter, the record makes it clear that the drunk driving began outside the base.

rules which may be applicable," the Manual goes on to recommend "a study of the circumstances involved in the individual case" as prerequisite to a final determination. Thereafter, paragraph 76a describes a number of examples of rules for determining whether offenses are separate for sentencing purposes. We will discuss some of these rules in more detail below.

In determining whether offenses are separate for sentencing purposes—in contrast to whether they are multiplicious for findings purposes—the identicality-of-elements test is of limited relevance. That is the test that the Supreme Court adopted in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) for cases tried in the United States District Courts. In *Blockburger,* the Court stated:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offense or only one, is whether each provision requires proof of a fact which the other does not. 284 U.S. at 304, 52 S.Ct. at 182.

In *United States v. Baker, supra,* the Court of Military Appeals held that the *Blockburger* rule was inapplicable to military criminal justice. And, as the Supreme Court itself recently reminded us, the *Blockburger* rule is a doctrine of statutory construction, not one of constitutional dimensions. *See Missouri v. Hunter,* —— U.S. ——, ——, 103 S.Ct. 673, 678, 74 L.Ed. 535, 542–43 (1983).

■ *Baker* reasoned that the identicality-of-elements test could not govern military law because paragraph 76a of the Manual provides that an accused convicted of two offenses may not be punished for both *"when two offenses are committed as the result of a single impulse or intent"* (emphasis in the original). This language, held the court, imposes a test for multiplicity that is separate and distinct from the identicality-of-elements test. *United States v. Baker,* 14 M.J. at 370. Hence, two offenses may be multiplicious for sentencing purposes in military law even though proof of

each involves proof of an element not required to establish guilt of the other; separate treatment of the offenses for sentencing purposes would be precluded if, nevertheless, "the charges flowed from 'a single impulse or intent.'" *United States v. Glover,* 16 M.J. 397, 398 (C.M.A.1983). In *Glover,* charges of rape and aggravated assault were deemed multiplicious for sentencing purposes, but not as to findings, under the single-impulse-or-intent test. The same result obtained in *Baker,* where the accused had been convicted of both aggravated assault and communication of a threat arising out of the same historical event, but both offenses were deemed to have flowed from a single impulse or intent. Similarly, in *United States v. Graves,* 12 M.J. 583, 586–87 (A.F.C.M.R.1981), we concluded that although the offenses of drunk driving and drunk on duty could be separately charged, they must be treated as a single offense for punishment purposes.

■ The record leaves little doubt that the offense of which the accused was convicted stemmed from a single impulse or intent in the sense that those terms are used in paragraph 76a of the Manual. From all that appears, the accused, having consumed alcoholic beverages, drove his vehicle in an intoxicated condition during a continuous and uninterrupted journey from a location off Laughlin Air Force Base to the place on that installation where he was apprehended. In these circumstances, the single-impulse-or-intent rule would seem to require treatment of the offenses he committed during that journey as a single offense for sentencing purposes.

The difficulty with this reasoning is that paragraph 76a does not stop with its listing of that rule as exemplifying a category of cases in which offenses are multiplicious for sentencing purposes. It goes on to list "examples of rules which establish that offenses are separate whether or not each offense requires proof of an element not required to prove the other". One of these examples is the following:

(b) *When the offenses involve the breach of separate duties.*

*Example:* An accused is convicted of misbehavior before the enemy through cowardly conduct in wrongfully failing to join his unit in the front lines (Art. 99(5)) and the willful disobedience of the lawful order of a superior officer to join his unit in the front lines (Art. 90(2)). The offenses are separate because in the first instance the accused had a duty to be with his unit and in the second he had a duty to obey the order to join it.

The quoted example is, in theory, quite close to the facts of the present case. Here, as there, it is correct to say that the offenses committed involved the breach of two distinct and separate duties. The accused had, and violated, a duty to refrain from driving while drunk, regardless of his location. And he also had a duty to obey the order to refrain from driving on the base, whether drunk or sober. In light of the specificity of this example and its clear and patent coincidence with the facts of this case, we are constrained to apply it here in spite of our conviction that the single-impulse-or-intent rule would cut the other way. As we noted in *United States v. Chisholm,* 10 M.J. 795 (A.F.C.M.R.1981), the Court of Military Appeals had enunciated at least six tests for determining whether offenses are multiplicious for sentencing purposes. These tests are applied with a view towards achieving the fundamental purpose of the multiplicity-for-sentencing doctrine: "to avoid punishing twice for what is essentially one offense." *Chisholm,* at 798. Having reviewed this case in light of the relevant tests, we are persuaded that it was proper to impose separate punishment upon the accused for both of the offenses of which he stood convicted.

Accordingly, it is our conclusion that the Military Judge properly denied the accused's motion to treat the offenses of which he was convicted as multiplicious for sentencing purposes.

■ The remaining assignment of error asserts that the specification of Charge I, alleging a violation of Article 92, did not state an offense. In that specification, the accused was alleged to have willfully disobeyed an order contained in a document described by its author and subject. (The revocation-of-base-driving-privilege letter was undated, as the specification stated.) The language used expressly tracked sample specification no. 28 found in Appendix 6 of the Manual for Courts-Martial. It clearly placed the accused on notice of the offense with which he was charged and was sufficiently detailed to guard against a second prosecution for the same offense. We are unable to ascertain what insufficiency lurked in the specification, and the accused has pointed to none that rendered it insufficient as a matter of law. This assignment lacks merit.

The findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.