**UNITED STATES, Appellee,**

v.

**Private (E–1) Adam E. STRAUGHAN,
SSN 407–06–3540, United States
Army, Appellant.**

**CM 446043.**

U.S. Army Court of Military Review.

8 Nov. 1984.

Released for Publication 18 March 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain Paul E. Conrad, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Andrew D. Stewart, JAGC, and Captain Jan M. Wamsted, JAGC, were on the pleadings for appellee.

Before SUTER, RABY and COHEN, Appellate Military Judges.

OPINION OF THE COURT *

RABY, Senior Judge:

Appellant asserts six errors seeking relief concerning various allegations of multiplicity. In resolving these contentions, the numbers assigned to specifications and charges herein discussed refer to those specifications and charges as numbered in General Court-Martial [Promulgating] Order Number 39, Headquarters, 9th Infan-

---

* *Petition denied,* 19 M.J. ——, Daily Journal, 27    Feb. 1985.

try Division, Fort Lewis, Washington (19 Jul. 1984), and not as numbered in the appellate briefs.

Government appropriately concedes that certain of appellant's assignments of error are correct. Accordingly, we will consolidate Specifications 2, 3, and 4 of Charge III and consolidate Specifications 3 and 5 of Charge V. We also find that the military judge erred in failing *sua sponte* to find Specification 8 of Charge V multiplicious for sentencing purposes with Specification 2 of Charge I. The remaining three assignments of error warrant further discussion based on the intricate facts of this case.

## I. *Facts*

The following facts are pertinent to the resolution of the remaining three assignments of error concerning the issue of multiplicity. On 10 January 1984, appellant was apprehended by agents of the Fort Lewis District Field Office, 6th Region, United States Army Criminal Investigation Command (CID), for his participation in previous drug transactions. Appellant became a confidential informant for the CID and was quartered in Building 4292, Fort Lewis, Washington, which was a CID safehouse for confidential informants. Shortly thereafter, appellant realized that his activities could be dangerous, as some people with whom he was dealing were carrying weapons. On 17 February 1984, the CID showed appellant a picture of a dead girl with bullet holes in her head and asked him to find out anything he could about the incident. The next day, appellant went to an on-post club on his own to obtain information on behalf of the CID. He saw a black Monte Carlo car, which he had seen on a previous occasion, and believed he was

being followed. He saw the car make "two passes" and thought he heard a gunshot. He ran back to the safe-house. Appellant could have turned himself in to the law enforcement authorities, but he was scared and decided to run away. Needing resources, he decided to enter the safe-house for the purpose of finding and stealing "anything ... to help [him] with [his] escape." He obtained a tire tool, broke a window pane of the safe-house's office, unlocked the broken window, and climbed through the window into the office. Believing the office's safe would contain money or drugs, appellant broke the welded joint of the safe's hinge. Finding no money, he broke into the file cabinet to obtain his case file, which he subsequently elected to leave behind. Appellant then stole a pair of tennis shoes, a calculator, a hair dryer, and a set of car keys from the office. He took these items outside and put them into one of the CID's vehicles, a Mercury Monarch, which he started by using the stolen car key. Appellant then fled in the stolen car to the Canadian border, having stolen the car for use as a "means of transportation" during his escape and the other items to assist in changing his identity.

## II. *Multiplicity for Findings*

Appellant contends that the military judge erred by failing to treat Charge IV and its Specification (housebreaking) as multiplicious for findings with Charge II and its Specification (willful damage to military property).[1] Initially, we note that these two offenses each have elements not contained in the other, and neither offense is a lesser included offense of the other. *See United States v. Yarborough,* 5 CMR

---

1. The Specification of Charge II reads in pertinent part: "In that Private E1 Adam E. Straughan ... did, at Fort Lewis, Washington, on or about 18 February 1984, ... willfully damage by breaking, the window to Room 3, Building 4292, Fort Lewis, Washington, of a value of about $10.00, the military property of the United States; and willfully damage by bending, a three drawer file cabinet, located in Room 3, Building 4292, Fort Lewis, Washington, of a value of about $95.00, the military property of the United States; and willfully damage by breaking, a hinge to a safe, located in Room 3, Building 4292, Fort Lewis, Washington, of a value of about $3.00, the military property of the United States." The Specification of Charge IV reads in pertinent part: "In that Private E1 Adam E. Straughan ... did, at Fort Lewis, Washington, on or about 18 February 1984, unlawfully enter Room 3, Building 4292, Fort Lewis, Washington, with intent to commit a criminal offense, to wit: larceny and willfully damaging military property of he [sic] United States, therein."

106 (C.M.A.1952). Neither of the specifications of Charges II and IV fairly embraces the other. *See United States v. Holt,* 16 M.J. 393 (C.M.A.1983). Further, each offense involves different societal norms. *United States v. Yandell,* 13 M.J. 616 (A.F. C.M.R.1982), *pet. denied,* 16 M.J. 158 (C.M. A.1983). Additionally, the mere fact that government property was the object of the criminal action in the specifications of both Charges II and IV does not alter the preventive purpose of each of these individual criminal statutes.

██ Notwithstanding these facts, we recognize that where multiple charged offenses are part of an indivisible crime, *United States v. Baker,* 14 M.J. 361, 366 (C.M.A.1983), or where the government can rely on the same proof to establish the accused's guilt of these charged offenses, *United States v. Doss,* 15 M.J. 409 (C.M.A. 1983), the offenses may be multiplicious for findings. In the instant case, the appellant committed the Article 108 offense by willfully damaging a window, a safe hinge, and a file cabinet. Clearly, it was possible to prove the offense of housebreaking without also proving the willful damage to either the file cabinet or the safe hinge.

██ We find, however, that the destruction of the window was the means by which the appellant effected the unlawful entry of the office. Because the evidence relied upon by the government to prove that the appellant unlawfully entered the office includes proof that he broke the window, we find the allegation of willful damage to the window multiplicious for both findings and sentence with the offense of housebreaking. We will therefore except from the Specification of Charge II the allegation that the appellant "willfully damage[d] by breaking, the window to Room 3, Building

4292, Fort Lewis, Washington, of a value of about $10.00." While this modification reduces the value of the property destroyed to less than $100.00 and could therefore affect the maximum authorized punishment, para. 127c, Manual for Courts-Martial, United States, 1969 (Revised edition), our findings as to multiplicity for sentencing, *infra,* will resolve this issue.

### III. *Multiplicity for Sentencing*

Appellant asserts that the military judge erred to his substantial prejudice by failing to find Charges II (Article 108), III (Article 121), and IV (Article 130) multiplicious for sentencing.

██ We have found by examining the charges and their specifications, the detailed stipulation of fact, the providence inquiry, and the appellant's testimony during the sentencing procedure that each of these offenses involved different elements of proof and that the offenses involved different social standards or societal norms. As a general rule, these offenses would not, therefore, be considered multiplicious for sentencing. However, this is a case involving unique facts and innovative specification drafting.

██ It is uncontested in the trial record that this entire criminal episode, involving Charges II, III, and IV, was caused by the appellant's fear and his desire to surreptitiously obtain a grubstake and then run away or, as appellant states, "escape" from Fort Lewis, Washington.[2] This intent is corroborated by the note which appellant left the CID agent from whom he stole the calculator and hair dryer.[3] He broke into the CID office with the specific intent to damage property therein in order to steal items including money, information, and property of use in his subsequent unautho-

2. Appellant's motive and intent are clearly reflected in the providence inquiry and his testimony during the sentencing procedure. This Court has the authority, if not the responsibility, to resolve ambiguous factual issues whenever possible by carefully examining the trial record. *See United States v. Bullington,* 18 M.J. 164, 165 (C.M.A.1984); *United States v. Zubko,* 18 M.J. 378 (C.M.A.1984).

3. The appellant left a note at the scene of the larceny saying: "Mike, *someone is after me. I need money and car, no money so can't get far.* I call sometime in a few days sorry but when I get shot at the [sic] is over Adam, PS Sorry." Stipulation of Fact, Prosecution Exhibit 1 at page 3 (emphasis supplied).

rized departure (escape). Using the car key stolen inside the office, he started and stole the CID car. This car was his means of transportation to flee the area. The appellant's offenses were committed closely in time and geographic location. Moreover, although separate, these offenses were part of a chain of events motivated by appellant's single purpose of escaping from Fort Lewis. The specifications of the various charges, while not fairly embracing one another within the meaning of *United States v. Holt, supra,* are so definitively drafted as to corroborate this nexus between the separate crimes involved in Charges II, III, and IV.

We must now decide whether to apply the rule that offenses are not separate for punishment purposes when committed as a result of a single impulse or intent, or to apply the rule that offenses are separate for punishment purposes when they involve violations of different social standards or societal norms. This is precisely the question that the United States Court of Military Appeals resolved in the appellant's favor in *United States v. Baker, supra.* We therefore consider *Baker* dispositive of this issue and find Charges II, III, and IV multiplicious for purposes of punishment under the facts of this case.

Appellant's remaining assignment of error does not require discussion in view of our disposition of this issue.

The findings of guilty of Charge II and its Specification, except the words, "willfully damage by breaking, the window to Room 3, Building 4292, Fort Lewis, Washington, of a value of about $10.00, the military property of the United States; and" are affirmed. This Court finds as fact, however, that the appellant is guilty of the Specification of Charge II as approved by the convening authority. Accordingly, if any reviewing authority subsequently concludes that prejudicial error has tainted the findings of guilty of Charge IV and its Specification and orders these findings set aside, the findings of guilty of the language excepted from the Specification of Charge II can be revived and affirmed

without a rehearing. *United States v. Williamson,* 19 M.J. 617 (A.C.M.R.1984); *see also United States v. Zupancic,* 18 M.J. 387, 389 (C.M.A.1984). The findings of guilty of Specifications 2, 3, and 4 of Charge III are consolidated by inserting in Specification 2 of Charge III after the words "the United States" the words ", a Casio Model ML–81 calculator and a Conair hair dryer, of a value of about $45.00, the property of Special Agent Michael A. Johnson, and a pair of Sacony tennis shoes, of a value of about $65.00, the property of Special Agent James R. Ley." The findings of guilty of Specifications 3 and 4 of the Charge are set aside and these specifications are dismissed. The findings of guilty of Specification 2 of Charge III, as amended, and of Charge III are affirmed. The findings of guilty of Specifications 3 and 5 of Charge V are consolidated by inserting in Specification 5 of Charge V after the words "dietheylamide [sic] (LSD)" the words and figures "and 9.78 grams, more or less, of marijuana". The finding of guilty of Specification 3 of Charge V is set aside and that specification is dismissed. The finding of guilty of Specification 5 of Charge V, as amended, is affirmed. The remaining findings of guilty are affirmed.

Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms only so much of the sentence as provides for dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for thirty-six months.

Chief Judge SUTER and Judge COHEN concur.