**UNITED STATES, Appellee,**

v.

**Private First Class Todd WILLIAMS,
262–71–2155, United States
Army, Appellant.**

**CM 446075.**

U.S. Army Court of Military Review.

26 Feb. 1985.

Lieutenant Colonel William P. Heaston, JAGC, Major Lawrence F. Klar, JAGC, and Captain Melvin F. Fortes, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, and Captain Richard G. Mann, Jr., JAGC, were on the pleadings for appellee.

Before SUTER, RABY, and HUNTER, Appellate Military Judges.

## OPINION OF THE COURT

HUNTER, Judge: [1]

In accordance with his pleas, appellant was convicted by a general court-martial composed of officer members of negligent destruction of military property, drunk driving resulting in personal injury, and wrongful appropriation, in violation of Articles 108, 111, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 911, and 921 (1982) [hereinafter cited as UCMJ], respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The appellant now contends that the conviction of drunk driving (Charge I and its Specification) is multiplicious for findings with negligent destruction of military property (Charge III and its Specification).

The evidence of record establishes that on 18 April 1984 the appellant and two other privates met in the motor pool and, after consuming a quantity of beer, decided to go for a ride in an M923 5–ton truck, military property of the United States. The appellant, who had no authority to take the truck, drove it out of the motor pool and departed the training area. The

---

**1.** Judge Stewart M. Hunter took final action in this case prior to his release from active duty.

other two privates accompanied the appellant as passengers. While driving on the highway, the appellant drove the truck off the road and over an embankment, causing it to crash. The crash totally destroyed the vehicle and its attached tank and pump unit, of a total value of approximately $75,-000. One of the passengers suffered a broken left leg and the other an injured right knee. The appellant was intoxicated while driving the vehicle; a blood/alcohol test conducted following the accident revealed a level of 2.03 mg/ml.

Defense counsel, trial counsel, and the military judge agreed at trial that the maximum permissible punishment included a dishonorable discharge, total forfeitures, reduction to E–1, and confinement at hard labor for four years (including one year for drunk driving, two years for wrongful appropriation, and one year for negligent destruction of military property), and the court members were so instructed. No issue of multiplicity was raised at trial.

Appellant cites *United States v. Baker*, 14 M.J. 361, 368 (C.M.A.1983), for the proposition that when the elements of one offense are included or fairly embraced by another offense, those offenses are multiplicious for the purpose of findings and the lesser offense must be dismissed. Appellant further relies on *United States v. Baker*, 14 M.J. at 367, as well as *United States v. DiBello*, 17 M.J. 77 (C.M.A.1983); *United States v. Rodriquez*, 18 M.J. 363 (C.M.A. 1984); *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984), and *United States v. Timberlake*, 18 M.J. 371 (C.M.A.1984), for the proposition that when the pleadings and evidence adduced at trial show that one offense is a lesser included offense of another, findings of guilty cannot be approved as to both offenses. These are both accurate statements of the law. However, we do not find that either of these offenses is a lesser offense included within the other.

In testing for multiplicity of findings, the Court of Military Appeals has given us additional guidance. In *United States v. DiBello*, the Court said:

> [C]harge A is not included within charge B if A contains allegations of an "aggravating circumstance" which is not a necessary element of B and which is not specifically alleged in charge B.

17 M.J. at 80 (footnote omitted). It is clear that the offense of drunk driving as alleged in the instant case includes an aggravating circumstance which increases the maximum punishment, that is, that the driving resulted in personal injury. The offense of negligent destruction of military property as alleged in Charge III also includes an aggravating circumstance which increases the maximum punishment, that is, destruction of property of a value in excess of $100. *See United States v. Murray*, 17 M.J. 81 (C.M.A.1983), and *United States v. Johnson*, 17 M.J. 83 (C.M.A.1983). Further, it is clear that each of these offenses requires proof of a fact or facts which the other does not. *See United States v. Costello*, 17 M.J. 132 (C.M.A.1983); *see also United States v. Buckels*, 18 M.J. 27 (C.M.A.1983) (summary disposition).

In addition to these distinctions, the court notes that drunk driving and destruction of military property violate different societal norms. The proscription against drunk driving is designed to protect the public from personal injury and property damage. The proscription against negligent destruction of military property is intended to ensure that military property is available to carry out the military mission. Obviously, these two offenses "are characterized by two gravamina, two ethical norms, two duties, two sets of elements, and even two sets of facts." *United States v. Beene*, 15 C.M.R. 177, 182 (C.M.A. 1954).

■ Under the facts of this case, we find that although there was a unity of time and place with respect to the drunk driving and negligent destruction of military property offenses, these offenses are not multiplicious for findings. However, though not raised by the appellant, we find the unity of time and place to be such that these offenses should have been considered

multiplicious for sentencing. *See United States v. Baker*, 14 M.J. at 361.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted regarding multiplicity and the entire record, the court affirms the sentence.

Chief Judge SUTER and Senior Judge RABY concur.