UNITED STATES, Appellee,

v.

Sergeant First Class Charlie G. MORGAN, 450–86–4205, United States Army, Appellant.

ACMR 8903024.

U.S. Army Court of Military Review.

28 Aug. 1990.

For Appellant: Captain W. Renn Gade, JAGC, Captain Andrew G. Oosterbaan, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before MYERS, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with his pleas, the appellant was convicted of absence without authority, rape, committing an indecent act, and wrongfully giving intoxicating liquor

to minors in violation of Articles 86, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. § 886, 920, and 934. A military judge sitting as a general court-martial sentenced him to a dishonorable discharge, confinement for fifteen years, and forfeiture of $500.00 pay per month for 180 months. The convening authority approved the sentence except for forfeitures of which, consistent with the terms of a pretrial agreement, forfeiture of only $349.00 pay per month for 180 months was approved.

Before entering pleas, the appellant moved for appropriate relief requesting that the military judge rule the rape and indecent act charges multiplicious for sentencing. The judge denied the motion notwithstanding the trial counsel's express refusal to contest it. We hold that the military judge erred.

### I.

The two charges in question arose out of the same incident. During an evening at home, the appellant permitted his three stepdaughters—Tara, Louisa, and Jerri Ann, ages 15, 11 and 16, respectively, to drink rum and tequila. Louisa and Jerri Ann drank a small amount before retiring to sleep in their bedrooms. Tara drank nearly an entire bottle of tequila and passed out on the living room floor. Later, the appellant, believing that Louisa and Jerri Ann were asleep, turned out the lights and began having intercourse with the unconscious Tara. Unbeknownst to him, the other two girls had awakened, entered the living room and observed him in this act. They subsequently went to a neighbor's apartment where they reported the incident to the military police.

The charges against the appellant allege that he raped Tara and that he committed an indecent act *with her* "by engaging in sexual intercourse in the presence of" Jerri Ann and Louisa. In denying the defense's multiplicity motion the judge reasoned:

The court believes they [the charges] violate two different *societal norms;* one, the charge of rape just simply involves an act of sexual intercourse with a spe-

cific person by force, violence and without consent. In this case, it apparently, from what the court can perceive and, again, it's factually—it may develop otherwise, but the court perceives at this point that the indecent act is occasioned by the fact that the rape took place in a *public environment* open to the view of other people. I don't find that to be particularly—that brings in issues that are not in question with respect to the act of rape (emphasis added).

During the plea inquiry, the following interchange between the appellant and the military judge transpired:

MJ: Now, this act of sexual intercourse, was this taking place in the living room?

ACC: Yes, Your Honor.

MJ: So anybody could come in there and see what you were doing, is that correct?

ACC: Yes, Your Honor.

MJ: Now, these specifications allege Vilseck and the stipulation of fact says you were living in Fitzhume. Is that near Vilseck or what?

ACC: It's a government housing area in the city of Vilseck.

MJ: Okay. So do you believe that engaging in this act of sexual intercourse in the living room in sort of, if you will, *a public area* and having been observed by Jeri Ann ... and Louisa P ..., that that was an indecent act?

ACC: Yes, Your Honor (emphasis added).

### II.

■ The discussion to the Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(c)(1)(C) explains that:

[A]n accused may not be punished twice for what is, in effect, one offense. Offenses arising out of the *same act* or transaction may be multiplicious for sentencing depending on the evidence. No single test or formula has been developed which will resolve the question of multiplicity.... Offenses are not separate if one is *included in the other* or unless each requires proof of an element

not required to prove the other.... Even if each offense requires proof of an element not required to prove the other, they may not be separately punishable if the offenses were committed as the result of *a single impulse or intent....* Also, if there was a *unity of time* and the existence of a connected chain of events, the offenses may not be separately punishable, depending on all the circumstances, even if each required proof of a different element (emphasis added).

In the instant case, the trial judge's ruling that the charges were separately punishable suffers from several infirmities. First, both charges were premised on the same act of intercourse committed at the same time on the same victim and motivated by the same lustful impulse. *United States v. Glover,* 16 M.J. 397 (C.M.A.1983); *United States v. Kleinhans,* 34 C.M.R. 276 (C.M.A.1964). Furthermore, as alleged by the language of the specification, the elements of the offense of committing an indecent act with another were included within those of the offense of rape. *United States v. Posnick,* 24 C.M.R. 11 (C.M.A. 1957); *see* Manual for Courts–Martial, United States, 1984, [hereinafter MCM, 1984], Part IV, paras. 45, 63, and 90.

We do not agree with the trial judge's conclusion that the offenses are separately punishable because they involve different societal norms. To the contrary, the evidence shows that both offenses allege a violation of Tara's person by way of an indecent act of sexual intercourse. The fact that the indecent act was accompanied by force and without Tara's consent is a distinction in the manner and degree in which she was violated. However, as it relates to societal norms, it is a distinction without a difference. Moreover, even if the appellant's conduct violated two different societal norms, we would be hesitant to find the offenses separately punishable. The "societal norms test" was set forth in paragraph 76a(5) of the Manual for Courts–Martial, United States, 1969 (Rev. ed.) wherein it is provided that:

The following are examples of rules which establish that offenses are separate whether or not each offense requires proof of an element not required to prove the other:

(a) When the offense involve violations of different social standards.

Although not expressly mentioned in Rule for Courts–Martial 1003(c), the principle is recognized in the analysis to the Rule and in decisions of the courts of military review postdating promulgation of the 1984 Manual. *See United States v. Cumbee,* 30 M.J. 736 (A.F.C.M.R.1990); *United States v. Jordan,* 24 M.J. 573 (N.M.C.M.R.1986), *pet. denied,* 25 M.J. 257 (C.M.A.1987); *United States v. Williams,* 19 M.J. 959 (A.C.M.R.1985). The Court of Military Appeals has observed:

[P]aragraph 76a(5) is ambiguous as to whether these remaining rules need be resorted to when each of two offenses contains different elements of proof and they are the product "of a single impulse." Where such ambiguity exists in interpreting punishment rules, lenity should be applied in favor of the person punished.

*United States v. Baker,* 14 M.J. 361, 370 (C.M.A.1983) (citation omitted).

This court has also been reluctant to unqualifiedly apply the "societal norms test" to permit multiple punishment where two offenses arise out of a single act or transaction. *United States v. Williams, supra; United States v. Straughan,* 19 M.J. 991 (A.C.M.R.1985); *United States v. Meyer,* 44 C.M.R. 640 (A.C.M.R.1971). As the appellant in this case committed the offenses via a single impulse, we are satisfied that the "societal norms test" does not justify treating them separately for punishment purposes.

Although the military judge used the term "societal norms" in rationalizing his ruling, he apparently determined that the appellant was susceptible to additional punishment because of the "public" character of his indecent act and its consequent victimization of Tara's sisters. We need not decide whether the appellant's act, occurring as it did in his own home, was "public" in nature. The gravamen of the charge is that appellant's indecent act victimized

Tara, not her sisters or the general public. Conceivably, the Government could have charged the appellant in a manner which would have purported to vindicate those interests.[1] Its failure to do so proscribes punishing appellant on that basis. "We must decide issues of multipliciousness in terms of the specifications as they are drafted and not in terms of what they might contain under various hypothetical circumstances." *United States v. Glover, supra* at 399. Accordingly, the charge of committing an indecent act against Tara merges into the charge that he raped her and his conviction of the former must be set aside.

### III.

 We hold that the appellant was not prejudiced by the error with respect to the providence of his pleas of guilty. Arguably, he could have misapprehended the maximum confinement which might have vitiated his pleas. *See United States v. Hunt,* 10 M.J. 222 (C.M.A.1981). The offense of committing an indecent act against another is punishable by a maximum of five years confinement. As appellant was also charged with rape, for which the maximum confinement period is life imprisonment, the maximum punishment is unaffected by our setting aside the indecent act charge. However, as the military judge considered the indecent act allegation separate from the rape for punishment purposes, and as appellant was not convicted of other, nonmultiplicious serious offenses, we hold that the appellant was prejudiced as to the sentence and corrective action is warranted. *United States v. Glover, supra.*

We have considered the issues raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them meritless.

The findings of guilty of Additional Charge I and its specification are set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for twelve years, and forfeiture of $349.00 per month for 144 months.

1. For example, the government could have charged the appellant with indecent exposure or alleged that he committed the indecent act with someone other than Tara.