UNITED STATES, Appellee,

v.

**Warrant Officer One David G. CHESTERFIELD, 382–74–7197, United States Army, Appellant.**

**ACMR 8902831.**

U.S. Army Court of Military Review.

5 Dec. 1990.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC, Captain John M. Treaner, JAGC, (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC (on brief).

Before NAUGHTON, CORRIGAN and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

CORRIGAN, Judge:

Consistent with his pleas, appellant was found guilty by a military judge sitting as a general court-martial of willfully disobeying his commander's order not to drive his car, failure to obey a lawful general regulation by wrongfully possessing drug paraphernalia (a smoking device), distribution of marijuana to enlisted personnel, wrongful use of marijuana, and fraternization, in violation of Articles 90, 92, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 912a, and 934 (1982 & Supp. IV 1986). The convening authority approved the sentence to dishonorable discharge, confinement for five years, and forfeiture of all pay and allowances.

■ Appellant was found guilty of fraternization by smoking marijuana and drinking with enlisted personnel. He now contends that the part of the offense of fraternization that concerns smoking marijuana "merges" with the offense of wrongful use of marijuana. In addition, he argues that the military judge failed to properly inquire into the drinking part of the same fraternization offense thereby rendering the guilty plea improvident. Based on these errors, appellant would have us set aside the sentence and both the specification of using marijuana and the specification and the charge of fraternization. The government disagrees, pointing out that the gravamen of the fraternization offense is the element of socializing on the basis of equality with the enlisted personnel which is an element not found in the using marijuana offense. The government contends that the additional element renders the offenses of wrongfully smoking marijuana and fraternization not multiplicious for findings. We agree.

We will address first the appellant's multiplicity contention. Had the fraternization offense merely repeated the smoking of marijuana as the gravamen of the offense, we may have been inclined to find it multiplicious for findings with the offense of using marijuana. *See United States v. Timberlake*, 18 M.J. 371 (C.M.A.1984) (holding the offense of wrongfully using

marijuana multiplicious for findings with the Article 133, UCMJ, offense of conduct unbecoming an officer by using marijuana); *United States v. Baker*, 14 M.J. 361 (C.M.A.1983). Here, however, the gravamen of the offense of fraternization is the socializing with enlisted personnel on the basis of equality as exemplified by the appellant's own responses to the military judge's inquiry on providency. He told the military judge that on numerous occasions he and his subordinate enlisted personnel would meet and drink. Sometimes they smoked marijuana while drinking. Other times they obtained hashish and smoked it after the drinking sessions had begun. The specification properly alleges the event, on divers occasions, of *socializing on the basis of equality*, described in the specification as drinking *and* smoking marijuana with subordinates. Therefore, the offense is not multiplicious with using marijuana.[1] *See United States v. Williams*, 19 M.J. 959 (A.C.M.R.1985).

■ Since we have found the offenses of fraternization and use of marijuana have not merged, we next address appellant's complaints on the adequacy of the providence inquiry on the fraternization offense. The military judge properly called appellant's attention to the element of socializing on the basis of equality; asked appellant if he understood the element; asked if appellant concurred that what he did violated the element of socializing with the enlisted personnel on the basis of equality; and, had the appellant recount in his own words, as outlined above, that he had wrongfully socialized with his subordinates by drinking in the context of smoking hashish. The inquiry fully complied with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910. *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969).

■ We have carefully considered the remaining issues raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit. One of the issues, however, deserves comment. Appellant alleges his trial defense counsel was ineffective because he failed to challenge the lawfulness of a search and seizure of quarters, and the voluntariness of a confession made after being confronted with a smoking device seized during the search of appellant's quarters. We have reviewed the record and an affidavit from the trial defense counsel and find his assistance to the appellant well within the parameters of the "range of professionally competent assistance," expected of counsel by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See United States v. Brothers*, 30 M.J. 289, 291 (C.M.A.1990); *United States v. Griffith*, 27 M.J. 42 (C.M.A.1988).[2]

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

---

1. Assuming appellant is correct in his analysis that the charges are multiplicious, his preferred remedy of setting aside the specification alleging use of marijuana is not proper. The offense of fraternization with a maximum punishment less than that for use of marijuana could be set aside. Or, more appropriately, the words "by smoking marijuana" could be struck from the fraternization offense and the remaining language would state a nonmultiplicious offense. *See United States v. Costello*, 17 M.J. 132 (C.M.A.1984); *United States v. Beene*, 15 C.M.R. 177, 182 (C.M.A.1954).

2. Although appellant's counsel filed a supplement to their brief out of time, a fair reading indicates that it is a Petition for a Writ of Mandamus calling on this court to order restoration of the appellant's pay and allowances. We have treated the appellant's filing as a Petition and examined the substance thereof and find it to be without merit. The Petition has been denied by separate order.