UNITED STATES, Appellee,

v.

Specialist Edward ANDRADE,
551–25–3702, United States
Army, Appellant.

ACMR 9000972.

U.S. Army Court of Military Review.

18 Dec. 1990.

For Appellant: Major Michael J. Kelleher, JAGC, Captain Holly K. Desmarais, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before NAUGHTON, CORRIGAN, and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

CORRIGAN, Judge:

In accordance with his plea, appellant was found guilty of two specifications of aggravated assault by pointing a loaded pistol, and assault by using his fist, housebreaking, kidnapping and communicating a threat in violation of Articles 128, 130, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 928, 930, and 934 (1982). The convening authority approved the sentence imposed by a court-martial consisting of officers to a dishonorable discharge, confinement for thirty years, forfeiture of all pay and allowances, and reduction to Private E1.

■ Appellant contends that his sentence is too severe. We disagree. Appellant broke into the house of a woman who was the guardian of his nine-month old child. He held both at gunpoint and threatened the guardian that he would shoot her. This detention kidnapping lasted for six hours during which the appellant brutalized the woman with his fists and at the point of a pistol. The woman, who held the infant throughout the episode, testified she dared not lapse into unconsciousness after being hit in the head, nor did she dare do anything to inflame the appellant for fear of the baby's life. The sentence for such terrorizing is appropriate.

■ We note, however, that the military judge informed the accused during the providence inquiry and instructed the court members that the maximum sentence to confinement that could be adjudged was *life plus five years*. The military judge arrived at this quantum of confinement by finding the housebreaking offense under Article 130 distinct from the remaining offenses. The maximum sentence to confinement for the offenses of kidnapping, communicating a threat, assault, and the aggravated assaults is confinement for life. The military judge then added five years confinement for the housebreaking. This was error. We find the appellant's entry into the guardian's house was with the single impulse and intent to commit kidnapping. *See United States v. Baker*, 14 M.J. 361 (C.M.A.1983); *United States v. Straughan*, 19 M.J. 991, 993 (A.C.M.R.1984). Thus, the housebreaking offense is multiplicious for sentencing with the kidnapping and the other offenses. *Compare United States v. Weaver*, 39 C.M.R. 173 (C.M.A. 1969). As the maximum allowable sentence was life imprisonment, the misinformation did not improvidence the appellant's plea. *See United States v. Poole*, 26 M.J. 272 (C.M.A.1988).

■ Even if housebreaking and kidnapping were not multiplicious for sentencing, the characterization of the sentence as *life plus five years* is erroneous. Consecutive and concurrent sentences were never a part of military law. *W. Winthrop, Military Law and Precedents* 404 (2d ed. 1920 Reprint). Manual for Courts–Martial [hereinafter MCM], United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1005(e) discussion, provides that the maximum permissible punishment is the lowest total provided in applicable paragraphs of Part IV, MCM and other limitations, *e.g.*, R.C.M.s 1003, 201(f), and 1301(d). *See United States v. Castrillon–Moreno*, 7 M.J. 414, 418 (C.M.A.1979) (Cook, J. *dissenting*); *United States v. Keith*, 4 C.M.R. 34 (C.M.A.1952). The total maximum punishment here would be a dishonorable discharge, confinement for *life*, forfeiture of all pay and allowances, and reduction to Private E1. There is no addition of confinement to a maximum of confinement for life. The military judge's erroneous statement to the court members of the maximum punishment may have prejudiced the appellant. We will correct this error in our decretal paragraph and reassess the sentence using the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

The findings of guilty are affirmed. Reassessing the sentence in light of the errors noted and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for twenty-five years,[1] forfeiture of all pay and allowances, and reduction to Private E1.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

---

1. We note the military judge ruled that appellant should be credited with 160 days for pretrial confinement.