UNITED STATES, Appellee,

v.

Philip DiBELLO, Radioman Seaman
Recruit, U.S. Navy, Appellant.

No. 45,355.

NMCM 82–2107.

U.S. Court of Military Appeals.

Dec. 19, 1983.

For Appellant: *Lieutenant Commander
Richard K. Delmar,* JAGC, USNR, *Lieutenant John M. Feagan,* JAGC, USNR (on petition).

For Appellee: *Commander W.J. Hughes,*
JAGC, USN (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

 Appellant was tried by special court-martial on a specification alleging absence without authority "from his unit, to wit: USS SAMPSON (DDG 10), located at Norfolk Naval Shipyard, Portsmouth, Virginia," from March 16, 1981, to April 2, 1981 [1]; and on another specification alleging a breach of restriction on March 16, 1981, from "the limits of USS SAMPSON (DDG 10) . . . located at Norfolk Naval Shipyard, Portsmouth, Virginia." [2] Upon conviction of these and other charges,[3] appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 75 days, and forfeiture of $330 pay per month for 2 months. The convening and supervisory authorities approved the trial results and the United States Navy-Marine Corps Court of Military Review affirmed. This Court granted review of a specified issue inquiring whether the specifications alleging unauthorized absence and breach of restriction were multiplicious for findings purposes.[4] 15 M.J. 379. We conclude they are not.

 In establishing a test for multiplicity as to findings, we stated in *United States v. Baker,* 14 M.J. 361, 368 (C.M.A. 1983):

Assuming both offenses arise out of one transaction, one offense may be a lesser-included offense of another offense in two situations: First, where one offense contains only elements of, but not all the elements of the other offense; second, where one offense contains different elements as a matter of law from the other

offense, but these different elements are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial.

Furthermore, "where the pleadings and evidence adduced at trial show that one offense is a lesser included offense of" the other, findings of guilty as to both offenses cannot be approved. *Id.* at 367; *accord United States v. Doss,* 15 M.J. 409 (C.M.A. 1983). On the other hand, if the specifications do not meet the *Baker* test, there is no multipliciousness for purposes of findings. *United States v. Glover,* 16 M.J. 397 (C.M.A. 1983); *United States v. Holt,* 16 M.J. 393 (C.M.A.1983).

In *Doss,* where appellant had been charged with unauthorized absences from his ship of 45 minutes' and of 40 minutes' duration—and two breaches of restriction to the same ship, the unauthorized absences constituted the breaches of restriction. Relying on *Baker,* we ruled that, under these circumstances, the unauthorized absences were lesser-included offenses of the breaches of restriction and, accordingly, that the specifications alleging the absences must be dismissed.

In *United States v. Modesett,* 9 U.S.C. M.A. 152, 25 C.M.R. 414 (1958), the court-martial had found that the accused had absented himself from his ship for about 7½ hours and that, having previously been restricted to his ship, he broke that restriction at the very time his unauthorized absence commenced. The issue before the Court was whether the two offenses were separate for purposes of punishment.[5] Apply-

---

1. In violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.

2. In violation of Article 134, UCMJ, 10 U.S.C. § 934.

3. Additionally, appellant was convicted, contrary to his pleas, of possessing 3.45 grams of marihuana; and of committing an indecent, lewd, and lascivious act, rather than the charged offense of sodomy, contrary to Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892 and 934, respectively. However, Sp CMO No. 045–82, dated March 1, 1982, fails to reflect the findings by exceptions and substitutions as to the specification of Charge III.

4. The military judge expressly considered them multiplicious for sentencing purposes.

5. At that time, the Court took the position that "the legal fact of multiplicity of charges is only significant in consideration of maximum authorized punishment." *United States v. Posnick,* 8 U.S.C.M.A. 201, 204, 24 C.M.R. 11, 14 (1957). This view has subsequently been repudiated. *See, e.g., United States v. Doss,* 15 M.J. 409 (C.M.A.1983); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983).

ing the principle announced in *United States v. Posnick,* 8 U.S.C.M.A. 201, 203, 24 C.M.R. 11, 13 (1957)—that "if the evidence sufficient to support a conviction on one charge will support a conviction on another charge, the two charges are not separate"—the *Modesett* Court held that the two charges were the same. 9 U.S.C.M.A. at 153–54, 25 C.M.R. at 415–16.

In the present case, the absence was for more than two weeks, rather than for less than a day, as in *Doss* and *Modesett.* In the defense view this circumstance is irrelevant, because *Baker* speaks of included "elements" and, in the words of *Posnick,* "[d]uration of an unauthorized absence is an aggravating circumstance but is not itself an element." 8 U.S.C.M.A. at 204, 24 C.M.R. at 14. *Accord United States v. Francis,* 15 M.J. 424, 427 (C.M.A.1983).

■ Although Congress proscribed unauthorized absence generally in Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, the President—exercising his authority under Article 56, UCMJ, 10 U.S.C. § 856, to set maximum punishments—has effectively delineated three different degrees of such an absence, depending upon its length. Table of Maximum Punishments, para. 127*c,* Manual for Courts-Martial, United States, 1969 (Revised edition).[6] Thus, the duration of an absence is a factor having a legal effect on the maximum punishment imposable, so it must be proved beyond a reasonable doubt if the prosecution seeks a sentence in excess of that authorized for an absence of more than one day. *United States v. Lovell,* 7 U.S.C.M.A. 445, 447, and 449, 22 C.M.R. 235, 237, and 239 (1956).

■ Therefore, while the duration of an absence is not an element of the offense of unauthorized absence,

"time is crucial to an unauthorized absence in at least two ways." These "ways" are:

First, the length of an unauthorized absence is the essential element in determining the legal punishment for the offense. *United States v. Lovell,* 7 USCMA 445, 22 CMR 235 (1956). Under the Table of Maximum Punishments, depending upon the duration of the absence, one of three maximums applies. Secondly, an unauthorized absence that is "single and uninterrupted" cannot be fragmented into two or more separate periods, with each part made separately punishable. *United States v. Emerson,* ... [1 USCMA 43], 46, 1 CMR ... [43,] 46.

*United States v. Lynch,* 22 U.S.C.M.A. 457, 460, 47 C.M.R. 498, 501 (1973).

*United States v. Francis, supra* at 427.

While an absence of some minimal duration is "fairly embraced" in an allegation of breach of restriction to the prejudice of good order and discipline, *see United States v. Doss* and *United States v. Modesett,* both *supra,* one of extended length is not. Therefore, the question to be answered is whether an allegation concerning extended duration of absence is sufficient to make the charge of unauthorized absence distinct from the charge of breach of restriction, even though "[d]uration ... is not ... an element" of the offense of unauthorized absence.

■ In some ways, the situation is analogous to that which exists when a charge of assault with a dangerous weapon is joined with another charge involving the assault,

---

**6.** This paragraph of the current Manual prescribes the following gradations of maximum punishment, depending on the length of the unauthorized absence: Absence for not more 3 days: 1 month's confinement and partial forfeiture of pay; for more than 3 days but not more than 30 days: 6 months' confinement and partial forfeitures; and for more than 30 days: dishonorable discharge, 1 year's confinement; and forfeiture of all pay and allowances. Under the corresponding paragraph of the Manual for Courts-Martial, United States, 1951, however, an absence of not more than 60 days was punishable by up to 3 days' confinement for each day's absence—or fraction thereof—plus partial forfeitures; and an absence of more than 60 days was punishable by a dishonorable discharge, 6 months' confinement, and total forfeitures. The current penalties were adopted in 1954. Exec. O. No. 10565, September 28, 1954, 19 Fed.Reg. 6299.

like rape. While a simple assault may suffice as the force necessary for accomplishing a rape and, accordingly, is "fairly embraced" in a bare allegation of rape, the use of a dangerous weapon is not required to perpetrate a rape. Therefore, we have held that a conviction for assault with a dangerous weapon can coexist with a conviction for rape perpetrated by means of that assault—although, if only a simple assault were alleged, the findings of guilty on that charge could not separately stand. *United States v. Glover, supra.*[7]

 Of course, the Uniform Code distinguishes aggravated assault from simple assault by placing it in a separate subsection of Article 128, UCMJ, 10 U.S.C. § 928. Nonetheless, we conclude that the same result should be applied when different degrees or gradations of an offense are established by reason of aggravating circumstances listed in the Table of Maximum Punishments. Therefore, we conclude that, in testing for multipliciousness of findings, charge A is not included within charge B if A contains allegations of an "aggravating circumstance"[8] which is not a necessary element of B and which is not specifically alleged in charge B.

Any other view would cause absurd results. For example, a breach of restriction—which under the Manual for Courts-Martial authorizes a maximum punishment of 30 days' confinement—would swallow up for purposes of findings an unauthorized absence of many months—which by itself would permit punishment by a dishonorable discharge and 1 year's confinement. *See*

Table of Maximum Punishments, *supra.* Similarly, under appellant's view, a servicemember who by neglect missed the movement of his ship, aircraft, or unit, and then remained absent for many months, could be found guilty only of missing movement, *see United States v. Posnick, supra* —for which the maximum punishment is a bad-conduct discharge and 6 months' confinement—even though the maximum punishment for an unauthorized absence of more than 30 days is a dishonorable discharge and 1 year's confinement.[9]

Such bizarre consequences that otherwise would result logically reinforce our rejection of appellant's premise that a breach of restriction encompasses an unauthorized absence for purposes of findings, unless—as in *Doss* and *Modesett*—the absence is for a duration so short that the maximum punishment is no greater than that imposable for an absence of one day. Despite the doctrine that 'unauthorized absence . . . is not a continuing offense,' *see United States v. Francis, supra* at 427, and is complete upon inception—which is fully viable when addressing such legal issues as when the statute of limitations began to run on an unauthorized absence and whether at least a minimum absence was proved where the prosecution failed to prove a termination date—the duration of the absence cannot be ignored in resolving the issue of multipliciousness of findings.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.

---

7. If the charge of rape specifically alleges the use of the dangerous weapon as the force by means of which the rape is perpetrated, the findings of guilty as to the aggravated assault should be set aside. *United States v. Glover,* 16 M.J. 397 (C.M.A.1983). *See also United States v. Allen,* 16 M.J. 395 (C.M.A.1983).

8. An aggravating circumstance is one—like duration of an absence or value of property—which would increase the maximum punishment imposable under the Table of Maximum Punishments. *See* para. 127*c,* Manual for Courts-Martial, United States, 1969 (Revised edition).

9. Furthermore, if the absence commenced on a particular day and the missing movement occurred at a later time during the period of the unauthorized absence, it would seem anomalous to treat the absence—an offense which was complete on the very day when the accused first absented himself from his unit, *see United States v. Francis,* 15 M.J. 424 (C.M.A. 1983)—as a lesser-included offense of missing movement, which occurred at a later date. However, unless this were done, the separateness of the findings would depend on whether the absence commenced at the very time for which the movement was scheduled.