UNITED STATES, Appellee,

v.

Anthony MURRAY, Seaman Apprentice,
U.S. Navy, Appellant.

No. 45,491.

NMCM 82-3998.

U.S. Court of Military Appeals.

Dec. 19, 1983.

For Appellant: *Commander Matthew J. Wheeler,* JAGC, USNR, *Captain W.J. Ciaravino,* USMC (on petition).

For Appellee: *Commander W.J. Hughes,* JAGC, USN (on petition).

*Opinion of the Court*

EVERETT, Chief Judge.

A special court-martial tried appellant on charges that (a) he had deserted from his unit, the USS GARCIA (FF1040) at Charleston, South Carolina, on August 19, 1981, and remained absent until his apprehension on March 5, 1982, in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885; and (b) he had through design missed the movement of the USS GARCIA on August 19, 1981, in violation of Article 87, UCMJ, 10 U.S.C. § 887. Pursuant to his pleas, appellant was convicted by exceptions and substitutions of the lesser-included offenses of unauthorized absence during the period alleged, in violation of Article 86, UCMJ, 10 U.S.C. § 886, and of missing movement through neglect, in violation of Article 87.

During the providence inquiry into his tendered pleas of guilty, Murray revealed that he had left his ship, the USS GARCIA, during daytime working hours on August 19, 1981, and had not returned to military control until March 5, 1982, when South Carolina law enforcement authorities apprehended him on behalf of the Navy. Also, it was established that, while appellant was absent, the USS GARCIA had sailed for operations in the North Atlantic and that appellant had missed this movement. Thus, to prove that appellant had missed the movement of his ship, the Government necessarily relied on proof of appellant's unauthorized absence from that ship—at least, on the date of the movement.

Under similar circumstances, this Court held in *United States v. Posnick,* 8 U.S.C. M.A. 201, 204, 24 C.M.R. 11, 14 (1957), "that the offense of unauthorized absence is a necessarily included lesser offense of the offense of missing movement." The Court reasoned:

Logically, every missing movement offense includes an unauthorized absence plus other factors. These additional fac-

tors are circumstances that aggravate the offense of unauthorized absence. In these cases the unit, ship, or aircraft, is moving and the accused has knowledge of this movement. The offense can be further aggravated by the subjective cause of the accused's absence—neglect or design. The fact that the absences are alleged in terms of a different span of time is not important if the absence alleged is one unit. *Duration* of an unauthorized absence is an aggravating circumstance but is not itself an element though in the case of an Article 86, supra, violation, the punishment depends on the aggravating factor and [it] must be alleged and proved.

*Id.* at 203–04, 24 C.M.R. at 13–14.

If we were to follow this rationale, the findings of guilty here would be multiplicious, and one of them could not stand. *United States v. Doss,* 15 M.J. 409 (C.M.A. 1983); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983). However, in *United States v. DiBello,* 17 M.J. 77 (C.M.A.1983), we re-examined the significance of the "[d]uration of an unauthorized absence" when determining the potential multipliciousness of that absence with another absence-related offense, like breach of restriction. We concluded that, while "[d]uration of an unauthorized absence . . . is not . . . an element" of that offense, *see United States v. Posnick, supra* at 204, 24 C.M.R. at 14, it cannot be ignored in resolving the issue of multipliciousness of findings, because of its legal effect on the maximum punishment imposable. Accordingly, we held

that, in testing for multipliciousness of findings, charge A is not included within charge B if A contains allegations of an "aggravating circumstance" which is not a necessary element of B and which is not specifically alleged in charge B.

*Id.* at 80 (footnote omitted).

We also observed that "[a]ny other view would cause absurd results." *Id.* One such result which we noted was that

a servicemember who by neglect missed the movement of his ship, aircraft, or unit, and then remained absent for many months, could be found guilty only of missing movement, *see United States v. Posnick, supra*—for which the maximum punishment is a bad-conduct discharge and 6 months' confinement—even though the maximum punishment for an unauthorized absence of more than 30 days is a dishonorable discharge and 1 year's confinement.

*Id.* at 80 (footnote omitted).

*DiBello* also concluded: "While an absence of some minimal duration is 'fairly embraced' in an allegation of" missing movement, "one of extended length is not." Accordingly, where, as here, the unauthorized absence is of more than half a year, *see United States v. DiBello, supra,* findings of guilty can stand as to both offenses. *See also United States v. Glover,* 16 M.J. 397 (C.M.A.1983), and *United States v. Holt,* 16 M.J. 393 (C.M.A.1983).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.