**UNITED STATES, Appellee,**

v.

**Floyd J. CAMPFIELD, Seaman Apprentice,**

**U.S. Navy, Appellant.**

No. 49061.

NMCM 83–2962.

U.S. Court of Military Appeals.

July 29, 1985.

For Appellant: *Lieutenant Colonel M. W. Lucas,* USMC, and *Lieutenant Mark A. Zuboff,* JAGC, USNR (on petition).

For Appellee: *Captain W. J. Hughes,* JAGC, USN and *Lieutenant John F. Carroll, Jr.,* JAGC, USNR (on petition).

*Opinion*

EVERETT, Chief Judge:

By special court-martial, the accused was convicted, *inter alia,* of unauthorized absence from the USS HARLAN COUNTY located at Naval Amphibious Base, Norfolk, Virginia, from 2300 on October 6, 1982, until October 8, 1982—a period of

approximately 2 days; and with breaking restriction to the limits of the USS HARLAN COUNTY at 2300 on October 6, 1982. In due course, this Court granted review on March 28, 1984, of the following specified issue:

WHETHER THE UNAUTHORIZED ABSENCE OFFENSE FROM OCTOBER 6, 1982, UNTIL OCTOBER 8, 1982 (SPECIFICATION 1 OF CHARGE I) IS MULTIPLICIOUS FOR FINDINGS PURPOSES WITH THE BREACH OF RESTRICTION OFFENSE ON OCTOBER 6, 1982 (SPECIFICATION OF CHARGE II) AND SHOULD BE DISMISSED. *UNITED STATES V. DIBELLO,* 17 M.J. 77 (C.M.A.1983).

On May 15, 1984, by order addressing several other cases as well, this Court reversed the decision of the United States Navy-Marine Corps Court of Military Review

as to the specifications and charges affected by the granted issue and the sentence; and ... returned [the record of trial] to the Judge Advocate General ... for remand to that court for briefs ... [of] counsel and for reconsideration of the granted issue in light of our decision in *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), and our numerous decisions and summary disposition orders based thereon; *see also United States v. DiBello,* 17 M.J. 77 (C.M.A.1983); *United States v. Holt,* 16 M.J. 393 (C.M.A. 1983); and *United States v. Doss,* 15 M.J. 409 (C.M.A.1983).

18 M.J. 138.

In an unpublished opinion dated August 20, 1984, the Court of Military Review, reconsidering the specifications affected by the granted issue and the sentence pursuant to our order, affirmed the findings and the sentence. The court, citing *DiBello* and *Baker,* "concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to

the substantial rights of the accused was committed."

Some minimal, unauthorized absence appears to be implicit in virtually all breaches of restriction, *see United States v. Doss, supra;* but an absence of extended length is not, *United States v. DiBello, supra.* Under the circumstances here we conclude that, in view of the brevity of this unauthorized absence, the absence specification is multiplicious for findings with the breach-of-restriction specification. However, we are satisfied this multiplicity did not prejudice the accused as to sentence.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 1 of Charge I; the finding of guilty thereon is set aside and that specification is dismissed; in all other respects, the decision below is affirmed.

Judge COX concurs in the result.

Judge FLETCHER did not participate.