UNITED STATES, Appellee,

v.

Stephen A. BABA, Ensign U.S. Navy, Appellant.

No. 47,878.
NMCM 82-3269.

U.S. Court of Military Appeals.

Dec. 2, 1985.

For Appellant: *Commander David C. Larson*, JAGC, USN (on petition).

For Appellee: *Captain W.J. Hughes*, JAGC, USN and *Lieutenant Commander R. Clayton Seaman, Jr.*, JAGC, USN (on petition).

### Opinion

EVERETT, Chief Judge.

We granted review to consider whether, in two instances, the specifications are multiplicious for findings. 18 M.J. 91.

### I

■ The specification of Charge III alleges that appellant absented himself without authority from his ship and remained

absent for less than one day. Specification 1 of Charge IV alleges that, on the same day, appellant missed the movement of that ship through design. Under these circumstances, where the length of the unauthorized absence was so minimal as to be inherent in an offense of missing movement, *cf. United States v. Campfield,* 20 M.J. 246 (C.M.A.1985); *United States v. Morris,* 18 M.J. 450 (C.M.A.1984), the unauthorized absence is multiplicious for findings with the missing movement. *See United States v. Murray,* 17 M.J. 81, 82 (C.M.A.1983). However, the military judge considered these offenses as multiplicious for sentencing, so we conclude that appellant was not prejudiced as to sentence by this multiplicity.

## II

Appellant was convicted of four offenses involving classified documents, three of which are of concern to us in this appeal:

(1) The specification of Charge VI charged a violation of Article 1116(2), U.S. Navy Regulations, ... by wrongfully conveying by written communication to agents of a foreign government ... three (3) documents ... which documents contained information concerning and pertaining to the Department of Defense, and which information might be of possible assistance to a foreign power.

(2) Specification 1 of Charge VIII alleged that on the same date appellant,

lawfully having access to ... [the same three documents] relating to the national defense and having reason to believe that such ... documents could be used to the injury of the United States or to the advantage of a foreign nation, did ..., in violation of Title 18, United States Code, § 793 ..., willfully and wrongfully deliver or cause to be delivered [the same] three (3) documents ... to agents of a foreign nation ... a person or persons not entitled to receive said documents.

(3) Finally, specification 3 of Charge VIII alleged that on the same date appellant,

did ... wrongfully and unlawfully, and in violation of Title 50, United States Code, § 783, communicate to agents or representatives of a foreign government ... the information contained in [the same] three documents, classified as affecting the security of the United States ..., which documents were then known by ... [appellant] to be so classified.

### A

█ Reduced to its essence, the specification of Charge VI alleged that appellant (1) conveyed (2) to agents of a foreign government (3) certain documents (4) containing information concerning and pertaining to the Department of Defense (5) which might be of possible assistance to a foreign power. Examination of the allegations of specification 1 of Charge VIII charging a violation of 18 U.S.C. § 793(d) indicates that, to prove this offense, the Government necessarily had to prove all the essential ingredients of the charged violation of Article 1116(2) of U.S. Navy Regulations. Because the evidence of record supports this conclusion, *see United States v. Baker,* 14 M.J. 361 (C.M.A.1983), we hold that the specification of Charge VI is multiplicious for findings with specification 1 of Charge VIII. *See Ball v. United States,* —— U.S. ——, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

### B

█ We reach a contrary conclusion, however, on the question of multiplicity for findings of specifications 1 and 3 of Charge VIII. The former alleges that appellant, (1) with lawful access (2) to certain documents relating to national defense (3) which he had reason to believe could injure the United States or help a foreign nation, (4) willfully delivered or caused to be delivered the documents (5) to a person not entitled to receive them. The latter asserts that appellant, (1) an officer or employee of the United States ("U.S. Naval Reserve ... on active duty"), (2) communicated in some manner (3) to an agent or representative of a foreign government (4) certain documents (5) classified as affecting the security of

the United States, and (6) known by appellant to be so classified. Even a cursory examination leads to the conclusion that, at the least, the former specification contains the unique element that appellant *had reason to believe* that the information delivered could injure the United States or help a foreign country, while the latter uniquely requires that appellant be an officer or employee of the United States.

Under these circumstances, we do not believe that the allegations of either of these offenses fairly embrace the elements of the other. *See United States v. Baker, supra.* Accordingly, while properly treated by the military judge as multiplicious for sentencing, these offenses are not multiplicious for findings.

### III

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to Charge III and its specification and Charge VI and its specification. The findings of guilty thereon are set aside, and those specifications and Charges are dismissed. In all other respects, the decision below is affirmed.

COX, Judge (concurring in the result).

The elements of an offense under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, as defined in Article 1116(2), U.S. Navy Regulations, are necessarily included in the elements of an offense under Article 134, UCMJ, 10 U.S.C. § 934, and 18 U.S.C. § 793(d). The conviction of the former offense (Charge VI and its specification) should be set aside. *Ball v. United States,* — U.S. —, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The elements of an offense under Article 134, as defined in 50 U.S.C. § 783(b), are not necessarily included in the elements of an offense under Article 134 and 18 U.S.C. § 793(d), as each provision requires proof of a fact that the other does not. Both of these findings of guilty may stand. *Id.* Whether one accepts the "fairly-embraced" theory of lesser-included offenses[1] or not,[2] there is no basis for its application with respect to these two offenses.

1. *See United States v. Baker,* 14 M.J. 361 (C.M.A. 1983), and *United States v. McVey,* 4 U.S.C.M.A. 167, 15 C.M.R. 167 (1954).

2. *See United States v. Zupancic,* 18 M.J. 387, 391 (C.M.A.1984) (Cook, J., concurring in part and dissenting in part).