## UNITED STATES

### v.

**Airman Steven B. KIMBRELL, FR 557–39–2723, United States Air Force.**

### ACM S27973.

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 Oct. 1988.

Decided 2 March 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Mark R. Land.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Kathryn I. Taylor and Captain Joseph V. Treanor, III.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

Appellant was convicted, pursuant to his plea, by a special court-martial consisting of a military judge sitting alone, of being absent from his place of duty, in violation of Article 86(3), UCMJ, 10 U.S.C. § 886(3).[1] The specification of this charge (Specification 2, Charge III) alleged that the appellant, without authority, absented himself from his place of duty on or about 15 July 1988, and remained so absent until on or about 25 July 1988.

Appellant's only claim in this appeal is: THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ACCEPTING HIS IMPROVIDENTLY ENTERED PLEA OF GUILTY TO SPECIFICATION 2 OF CHARGE III.

The gist of this claim of error is that since appellant had been authorized leave from his organization by proper authority from 18 July through 22 July 1988, he clearly had authority to be absent during part of that time alleged in the specification to be an unauthorized absence.[2] Thus,

he says, the military judge received matters from him during the inquiry into the providency of his plea which were inconsistent with that plea[3] without obtaining a disavowal of the inconsistent matters from him or changing the plea to one of not guilty. According to appellant, this failure on the part of the military judge constituted prejudicial error because the resultant conviction was for a period of time more aggravated than the period of time he had actually been absent without authority.[4]

■ Pursuant to MCM 1984, Part IV, 10(c)(9), An unauthorized absence in violation of Article 86(3) is not a continuing offense but is an instantaneous offense and is consummated at the moment an accused absents himself or herself without authority. The unauthorized absence is terminated when the accused is returned to military control. MCM, 1984, Part IV, 10(c)(10) sets forth the methods of return to military control as:

(a) Surrender to military authority,

(b) Apprehension by military authority,

(c) Delivery to military authority,

(d) Apprehension by civilian authorities at the request of the military, and

(e) Apprehension by civilian authorities without prior military request.

■ The term of the unauthorized absence required to be pleaded in the specification and proven at a trial by court-martial is not an element of the offense but is a matter in aggravation for the purpose of determining the maximum punishment imposable for the offense. *United States v. DiBello*, 17 M.J. 77 (C.M.A.1983); *United*

---

1. Appellant was also convicted of housebreaking, two offenses of wrongful appropriation, failing to go to his appointed place of duty, and making a false official statement, in violation of Articles 130, 121, 86, and 107, 10 U.S.C. §§ 930, 921, 886, 907, UCMJ, respectively. The approved sentence in the case extends to a bad conduct discharge, confinement for five months, forfeiture of $445.00 per month for five months, and reduction to the grade of airman basic.

2. Subsequent to the date of appellant's unauthorized absence from his place of duty, his authorized leave was cancelled.

3. See *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

4. An unauthorized absence of not more that three days is punishable by confinement for one month and a forfeiture of two-thirds pay per month for one month and an unauthorized absence of more than three days but not more than thirty days is punishable by confinement for six months and forfeiture of two-thirds pay per month for six months. MCM, 1984, Part IV, 10(e)(2)(a) and 10(e)(2)(b).

*States v. Lynch*, 22 U.S.C.M.A. 457, 47 C.M.R. 498 (1973); *United States v. Lovell*, 7 U.S.C.M.A. 445, 22 C.M.R. 235 (1956); MCM, 1984, Part IV, (10)(e).

■ We find that, in the case before us, the offense of absence without leave was consummated on 15 July 1988. On 18 July 1988, the day appellant's authorized leave [5] was to have begun, appellant had not returned to military control. It would defy logic to hold, as urged by appellant, that an authorized leave interrupts the term of an unauthorized absence for the period of time authorized in the leave and then resumes after the effective date of that authorized absence. *United States v. Lynch, supra; United States v. Daly*, 15 M.J. 739 (N.M.C. M.R.1983); *United States v. Ringer*, 14 M.J. 979 (N.M.C.M.R.1982). We hold that the acceptance, by the military judge, of appellant's plea of guilty to the offense of absence without leave, in violation of Article 86(3), UCMJ, was not erroneous and appellant's plea thereto was provident.

Accordingly, the findings of guilty and the sentence are,

AFFIRMED.

Judge MICHALSKI and Judge MURDOCK concur.

---

5. Leave is a vacation from *duty*. Air Force Regulation 35–9, *Leave And Administrative Absence Policy* (1 October 1986), paragraph 1–3.