# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Zabrien A. MEEK
### Fireman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24237

## Docket No. 1176

## 27 March 2003

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Cutter BOUTWELL (WHEC 719). Tried at Alameda, California, on 13 and 16 May 2002.

| | |
|---|---|
| Military Judge: | CDR Gilbert E. Teal II, USCG |
| Trial Counsel: | LT Michelle C. Bas, USCG |
| Assistant Trial Counsel: | LT Jonathan A. Alexander, USCG |
| Defense Counsel: | LT Tanya Cruz, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

### BEFORE
### PANEL TEN
### BAUM, BRUCE, & CAHILL
Appellate Military Judges

CAHILL, Judge:

Appellant was tried by special court-martial, military judge alone. He was charged with one specification of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ); one specification of missing movement by design in violation of Article 87, UCMJ; and one specification of wrongful use of marijuana in violation of Article 112a, UCMJ. Pursuant to a pretrial agreement, Appellant pled not guilty to desertion, and entered pleas of guilty to the lesser included offense of unauthorized absence terminated by apprehension in violation of Article 86, UCMJ and to the charges and specifications of missing movement by design and illegal drug use. According to a stipulation of fact and the *Care*[1] inquiry during the trial, Appellant failed to return to USCGC BOUTWELL after a period of authorized leave, and

---

[1] *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A. 1969).

remained absent from 18 February 2001 until 24 March 2001, when he was apprehended in Arkansas by local authorities. While absent, he missed USCGC BOUTWELL's scheduled movement from Golfito, Costa Rica to Alameda, California and used marijuana. The military judge accepted Appellant's pleas, and sentenced Appellant to 75 days confinement, reduction to paygrade E-1, and a bad conduct discharge. The military judge, with concurrence of both the trial counsel and trial defense counsel, determined that Appellant was entitled to credit for 53 days of pretrial confinement under *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). The convening authority disapproved the findings of guilt to the charge and specification of unauthorized absence, approved the remaining findings, and approved the sentence as adjudged, but suspended all confinement in excess of 60 days for a period of 12 months as provided under the pre-trial agreement.

Before this Court, Appellant asserts that he was prejudiced by the Staff Judge Advocate's (SJA) failure to properly advise the convening authority on how to reassess the sentence after recommending that the convening authority disapprove the finding of guilty to the charge and specification of unauthorized absence. For the reasons set forth below, we agree and reassess the sentence accordingly.

In a post-trial recommendation under Rules for Courts-Martial (RCM) 1106 dated 24 July 2002, the SJA recommended that the convening authority disapprove the findings of guilt to the charge and specification of unauthorized absence due to possible legal error. According to the SJA's recommendation, the pre-trial agreement required the convening authority to "withdraw and dismiss without prejudice" the charge and specification of desertion. The SJA noted that, after accepting Appellant's guilty pleas, the military judge asked the assistant trial counsel if "the government desire[d] to withdraw the charge and specification to which the accused has pleaded not guilty." The assistant trial counsel responded affirmatively, and the military judge then found the accused guilty of the charges and specifications of unauthorized absence, missing movement, and wrongful drug use.[2] The SJA indicated that the pre-trial agreement, interpreted in the light most favorable to Appellant, required that the convening authority dismiss not only the charge and specification of desertion but also dismiss the charge and specification of the lesser-included unauthorized absence offense.[3] The SJA's recommendation continued, "I do not recommend that you adjust the accused's sentence as a result of setting aside the military judge's findings as to Charge I and its specification. The two remaining charges to which the accused pled guilty adequately support the sentence awarded." In a letter dated 5 September 2002, trial defense counsel indicated that she had nothing to present under RCM 1105. Trial defense counsel did not comment on the SJA's recommendation.

In his action, the convening authority followed the SJA's advice and disapproved the findings of guilty to the lesser-included offense of unauthorized absence. He approved the

---

[2] The military judge also entered findings of "not guilty" to the charge and specification of desertion.

[3] The pre-trial agreement provided that Appellant would plead not guilty to desertion but guilty to the lesser-included offense of unauthorized absence, and that the convening authority would "withdraw and dismiss without prejudice" the desertion charge and specification in return for Appellant's pleas. As the convening authority disapproved the findings of guilt to the unauthorized absence charge and specification, and we are authorized by Article 66(c), UCMJ, to act only with respect to the findings and sentence as approved by the convening authority, we are precluded from reviewing the propriety of the military judge's findings or the SJA's interpretation of the pre-trial agreement as it relates to this offense.

sentence as adjudged but suspended confinement in excess of 60 days as provided in the pre-trial agreement.

This Court recently considered the issue of sentence reassessment in *United States v. Bridges*, No. 1147, 2003 CCA LEXIS 65 (C.G. Ct. Crim. App. 2003). As we noted in *Bridges*, "[a] convening authority may take action to cure any errors that may have arisen at trial, and, when doing so, must follow the same rules applicable to an appellate court to ensure that an accused is 'placed in the same position he would have occupied if an error had not occurred.'" *Bridges*, 2003 CCA LEXIS 65, at *11 (quoting *United States v. Reed*, 33 M.J. 98, 99-100 (C.M.A. 1991)). The SJA must properly advise the convening authority that he or she "may approve a sentence of the magnitude of that which would have been adjudged absent error, or any lesser sentence." *Bridges*, 20093 CCA LEXIS 65, at *12 (citing *United States v. Sales*, 22 M.J. 305, 307-308 (C.M.A. 1986)). In the present case, the SJA gave only a conclusory recommendation that the convening authority not modify the sentence and failed to advise the convening authority of the proper standard for reassessment. We hold this failure to be error. Additionally, for the reasons discussed below, we hold that such failure is plain error that was not waived under RCM 1106(d)(6) by the trial defense counsel's failure to comment on the SJA's recommendation.

Both the government and Appellant invite our attention to *United States v. Collins*, an unpublished opinion by the Air Force Court of Criminal Appeals. *United States v. Collins*, 2001 CCA LEXIS 45 (A.F. Ct. Crim. App. 2001). In *Collins*, the SJA recommended that the convening authority disapprove a finding of guilt of larceny and approve instead a finding of guilt of the lesser-included offense of attempted larceny. The Air Force Court held that the SJA's failure to provide any guidance on sentence assessment was harmless error because it was convinced that the members would have imposed the same sentence at trial and no reassessment was necessary. Other courts have similarly held that defective SJA advice does not always require that the record be returned to the convening authority for remedial action. *See, e.g., United States v. Graf*, 35 M.J. 450, 467 (C.M.A. 1992); *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998).

To determine whether the SJA's erroneous advice prejudiced Appellant and was therefore plain error, we believe we must consider whether the convening authority, with proper advice, would have concluded that the military judge would have adjudged the same sentence of confinement for 75 days, reduction to the lowest enlisted paygrade, and a bad conduct discharge for the remaining offenses of missing movement and wrongful drug use.[4] The government asserts that, from the standpoint of the maximum punishments that could be imposed at a general court-martial, the unauthorized absence offense was the least serious of the charges against Appellant at trial (maximum punishment under Manual for Courts-martial, Pt. IV, ¶ 10.e.(2)(c) (MCM) (2002 ed.) for unauthorized absence greater than 30 days terminated by apprehension includes confinement for 18 months, while maximum punishments for missing movement by design and wrongful marijuana use under MCM Part IV, ¶¶ 11.e.(1) and 37.e.(1)(b) (2002 ed.), respectively, each include confinement for 2 years). Appellant, on the other hand, asserts that

---

[4] The government asserts, and we agree, that evidence of Appellant's unauthorized absence would have been admissible at trial as evidence in aggravation relating to the remaining offenses under RCM 1001(b)(4).

the unauthorized absence was the most serious offense before the court, and invites us to reassess his sentence and disapprove the bad conduct discharge.

We believe that the military judge would not have imposed the same sentence for the remaining offenses, and that the convening authority, applying the proper standard, would have reached the same conclusion. We also believe we may reassess the sentence to place Appellant in the same position he would have occupied but for the error. *See Reed* and *Sales*, *supra*. Upon reassessment, we believe the military judge would have imposed, and the convening authority would have approved, a sentence of 60 days confinement, reduction to the lowest enlisted paygrade, and a bad conduct discharge.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence, as reassessed above, are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings as approved below and that part of the sentence that includes 60 days confinement, reduction to the lowest enlisted paygrade, and a bad conduct discharge are affirmed.

BAUM, Chief Judge concurs

BRUCE, Judge concurring in the result.

I agree that the SJA failed to properly advise the convening authority with respect to reassessing Appellant's sentence after recommending that the convening authority disapprove the finding of guilty to the charge and specification of unauthorized absence. However, I am not convinced that Appellate Government Counsel's concession of plain error is well founded or that Appellant has established plain error.

In *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000), the Court of Appeals for the Armed Forces addressed a somewhat similar situation in which a SJA's recommendation contained errors and omissions. Appellant Kho did not submit clemency matters to the convening authority and did not point out the error and omissions in the SJA's recommendation. *Kho*, 54 M.J. at 64. The court observed that:

> RCM 1106(f)(6), Manual for Courts-Martial, United States (1998 ed.), provides that defense counsel's failure to comment on any matter in the post-trial recommendation in a timely manner waives any later claim of error, unless it rises to the level of plain error. To prevail under a plain-error analysis, appellant had the burden of persuading this Court that: (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *United States v. Finster*, 51 M.J. 185, 187 (1999), citing *United States v. Powell*, 49 M.J. 460, 463, 465 (1998).
>
> 54 M.J. at 65.

In this case, RCM 1106(f)(6) is applicable because Appellant did not bring the error in the SJA's recommendation to the attention of the convening authority. Appellant also did not submit any clemency matters to the convening authority. I agree that the Appellant has established that there was error in the SJA's recommendation, and that it was plain or obvious. I am not convinced that Appellant has established that the error materially prejudiced a substantial right.

It appears that there is a unique rule for establishing prejudice in the case of RCM 1106(f)(6). In *Kho*, the court noted, "[b]ecause of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.' *United States v. Wheelus*, 49 M.J. 283, 289 (1998)." *Id*. at 65. I question whether this unique rule should be applied in a case such as this. Here, the error in the SJA's recommendation dealt solely with the legal requirements for reassessing Appellant's sentence after setting aside one of his convictions. Although this is something that the convening authority should have considered in acting on Appellant's sentence, it is not a matter of clemency. Therefore, in this respect, the action of the convening authority on Appellant's sentence is not highly discretionary in nature. After disapproving a conviction based on legal error, the convening authority must conduct a proper reassessment of the sentence.

If the only basis for applying the "some colorable showing of possible prejudice test" to plain error under RCM 1106(f)(6) is the highly discretionary nature of the convening authority's action on the sentence, then I suggest that test should not apply in a case such as this where the error relates to a pure question of law, and has nothing to do with the convening authority's ability to take action as a matter of clemency. Accordingly, a more typical standard for establishing prejudice should apply in this case. *Cf. United States v. Powell*, 49 M.J. 460, 464 (C.A.A.F. 1998) ("the military rules have a higher threshold than the federal rules in that they require plain error to 'materially prejudice' substantial rights").

I am not persuaded that Appellant has been prejudiced by the convening authority's failure to properly reassess the sentence after disapproving the unauthorized absence conviction. Under the circumstances of this case, I am not convinced that the military judge would have awarded any lesser sentence if he had not considered the unauthorized absence conviction that was subsequently disapproved by the convening authority. The unauthorized absence and the missing movement offenses in this case are closely interrelated. Short periods of unauthorized absence are multiplicious with a missing movement offense during the same time. *United States v. Murray*, 17 M.J. 81 (C.M.A. 1983). The roughly five week unauthorized absence in this case was too long to be treated as multiplicious with the missing movement, *id.,* but, in view of the missing movement and marijuana use offenses of which Appellant was also convicted, I am not convinced that it had any significant impact on the military judge's sentencing decision. Appellant's sentence is entirely in line with sentences awarded for missing movement and marijuana use offenses, in my experience. Considering the limitations imposed on sentencing at a special court-martial, and that Appellant had negotiated a pretrial agreement, the largely redundant unauthorized absence offense was superfluous in addition to the missing movement and use of marijuana offenses, for sentencing purposes. In as much as there was no prejudice, I would not hold that Appellant had established plain error.

Nevertheless, I am not opposed to using the "broad power" of this Court to moot Appellant's claim of prejudice. *United States v. Tardiff*, 57 M.J. 219, 223 (C.A.A.F. 2002); *see also United States v. Armstrong*, 54 M.J. 51, 53 (C.A.A.F. 2000) ("a Court of Criminal Appeals is not constrained by the plain-error doctrine"). The majority has concluded that affirming a sentence of a bad conduct discharge, confinement for 60 days, and reduction to the lowest paygrade, would ensure that Appellant suffered no prejudice. I can certainly agree that such sentence relief moots Appellant's claim of prejudice and, on that basis, I concur in the result.



For the Court


Roy Shannon, Jr.
Clerk of the Court