# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Ronald E. NICKEY
### Storekeeper First Class (E-6), U.S. Coast Guard

## CGCMS 24373

## Docket No.  1288

## 19 June 2008

Special Court-Martial convened by Commanding Officer, Integrated Support Command Portsmouth.  Tried at Norfolk, Virginia, on 20 March 2007.

| | |
|---|---|
| Military Judge: | LCDR William J. Shelton, USCG |
| Trial Counsel: | LT Andrew P. Grant, USCGR |
| Defense Counsel: | LCDR Karen M. Somers, JAGC, USN |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| Assistant Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LCDR Patrick M. Flynn, USCG |

## BEFORE
## KANTOR, LODGE & PEPPER
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification each of larceny of military property, in violation of Article 121, Uniform Code of Military Justice (UCMJ), and of making a false official statement, in violation of Article 107, UCMJ.  The military judge sentenced Appellant to confinement for three months, reduction to E-3, and a bad-conduct discharge.

The Convening Authority approved the findings but changed the finding of guilty of the sole specification of Charge II (larceny of military property) to a finding of guilty of the lesser included offense of larceny of property other than military property.  The Convening Authority

reassessed the sentence in accordance with *United States v. Meek*, 58 M.J. 579 (C.G.Ct.Crim.App. 2003), and approved the sentence as adjudged but suspended the execution of the bad-conduct discharge for twenty-six months from release from confinement on 5 June 2007; this period of suspension is intended to coincide with Appellant's anticipated completion of twenty years of active service and potential eligibility for retirement from active duty. The pretrial agreement had no effect on the adjudged sentence.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors. Appellant also moved to have Judge Cahill disqualify himself and have the case reassigned to a panel to which Judge Cahill is not assigned. Because Judge Cahill is no longer on this Court and has been replaced on the panel by Judge Pepper, Appellant's Motions for Recusal and for Panel Reassignment are moot.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,

Jane R. Lee
Clerk of the Court